Uddin v. Garland

BIA
Cassin, IJ
A206 765 163

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand twenty-two.

PRESENT:
> JON O. NEWMAN,
> ROSEMARY S. POOLER,
> GERARD E. LYNCH,
> *Circuit Judges.*

———————————————————————————

MAHI UDDIN,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

18-3618
NAC

———————————————————————————

FOR PETITIONER:       Raymond Lo, Esq., Jersey City, NJ.

FOR RESPONDENT:       Joseph H. Hunt, Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel; John D. Williams, Trial Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that this petition for review of a decision of the Board of Immigration Appeals ("BIA") is DENIED.

Petitioner Mahi Uddin, a native and citizen of Bangladesh, seeks review of a November 15, 2018, decision of the BIA affirming an October 12, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mahi Uddin,* No. A206 765 163 (B.I.A. Nov. 15, 2018), *aff'g* No. A206 765 163 (Immig. Ct. N.Y. City Oct. 12, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility

2

determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , [and] the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Here, substantial evidence supports the agency's determination that Uddin was not credible as to his claim that members of the Bangladesh Awami League ("BAL") threatened him in March 2013 and invaded his house in April and June 2013 because of his membership in the rival Bangladesh Nationalist Party ("BNP"). Uddin's inconsistent testimony as to (1) whether he was a BNO member or merely a supporter; (2) how many encounters he had with BAL members; and (3) whether he reported any encounters to the police support the agency's determination. For example, at his

3

credible fear interview, Uddin stated that he "belong[ed] with BNP" and "worked for the party," but denied being a "formal member." But he testified that he was a formal member of BNP and submitted a letter from BNP leaders as proof of his membership. During that same interview, he described two encounters with BAL members and stated that he did not report those encounters to the police; but he added a third encounter in his application and testimony and stated that he reported one encounter to the police. The IJ was not required to accept his explanations that he may have made errors or had difficulty remembering. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Moreover, the agency reasonably relied on Uddin's omission from his asylum application of an attack on his wife and son after he left Bangladesh. Uddin testified that, while attempting to kidnap his son, BAL members held a gun to his wife and broke his son's arm. He was inconsistent about the month of this event, but he confirmed and his wife's letter

4

reflected that the incident predated the filing of his asylum application, and he had no explanation for the omission. *See Majidi*, 430 F.3d at 80; *see also Hong Fei Gao*, 891 F.3d at 78-79 (weight given to an omission depends, in part, on whether "facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances").

Given these inconsistencies, omission, and the deference due to the IJ's demeanor finding, substantial evidence supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167 (agency may rely on cumulative effect of inconsistencies and omissions); *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005) (giving particular deference to factfinder's demeanor findings). The agency did not abuse its discretion in declining to give weight to Uddin's documentary evidence, so that evidence did not rehabilitate his credibility. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (holding that "[w]e generally defer to the agency's evaluation of the weight to be afforded to an applicant's documentary evidence" and deferring to agency's decision to afford little weight to letter from applicant's spouse); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir.

5

2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

Finally, Uddin's arguments that the IJ should have inquired about his mental condition and the BIA should have remanded for the IJ to reconsider credibility in light of a psychological report are unavailing. He was asked about his alleged memory problems at the hearing, he testified that he had not seen a doctor about his memory, and he twice confirmed that "[e]verything [wa]s okay" when questioned further about his memory. The BIA was not required to remand for consideration of a report that Uddin submitted on appeal because remand requires "material, previously unavailable evidence" and Uddin did not establish that he could not have obtained the report earlier. *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005); *see also* 8 C.F.R. § 1003.2(c)(1) (motion shall not be granted unless the new evidence "was not available and could not have been discovered or presented at the former hearing"). We decline to reach Uddin's argument that his former attorney should have

6

submitted evidence during the hearing because Uddin did not raise an ineffective assistance of counsel claim before the agency.  *See Arango-Aradondo v. INS*, 13 F.3d 610, 614 (2d Cir. 1994) (declining to reach ineffective assistance claim not raised before the BIA).

For the foregoing reasons, the petition for review is DENIED.

<div style="margin-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>